L. E. WILLIAMS, ADMINISTRATOR, v. WILSON LUMPKIN ET AL.

No. 2822.

1. **Collateral Security—Administration.**—When a promissory note is deposited as collateral security for a debt the creditor is not a mere mortgagee or lien holder who in case of the death of his debtor must prove up his debt in the Probate Court. In a proceeding in the District Court involving the rights of contesting claimants the court may order the amount due on the debt thus secured to be paid without requiring the establishment of the claim in the administration of the estate.

2. **Promissory Note—Collateral Security.**—The holder of a note secured by mortgage, when the note has been received by him as collateral security for a debt due from the payee, may maintain an action on such note and for foreclosure of the mortgage. If the administrator of the estate of the payee is a party to the proceeding the judgment may require the holder to retain in trust the proceeds of the note and mortgage, subject alone to the payment of such amount as he might establish against the estate of the deceased payee. In such a case the proceeds of the sale of the mortgaged property should be paid into the court by the sheriff for distribution in accordance with the terms of the decree, the excess after discharging the mortgage debt to be paid to the mortgagor.

APPEAL from Anderson. Tried below before Hon. F. A. Williams. The opinion states the case.

*Greenwood & Greenwood,* for plaintiff in error. —1. The court erred in rendering a verdict in the name of J. M. Silliman against Wilson Lumpkin and ordering sale of land mortgaged to pay the same.

(1) Because the said J. M. Silliman had no established claim or debt against the estate of T. J. Williams which authorized the rendering of a judgment in his name as a beneficiary trustee.

(2) Because the said J. M. Silliman failed to join plaintiff in error in

his action to foreclose as against Wilson Lumpkin, or to file a cross-bill against said Lumpkin, and to have him duly served with process so as to have authorized affirmative relief in his favor if he had shown himself to be entitled to the same. Wilt. on Mort. Fore., secs. 182, 87–9; Simson v. Satterlee, 64 N. Y., 657; 6 Hun, 305; Sinking Fund Co. v. Northern Bank, 1 Metc., 174; McKinney v. Miller, 19 Mich., 142, Rev. Stats., art. 2067.

2. Because plaintiff alone under the pleadings and issues joined and verdict of the jury had the right to a judgment in his name against Wilson Lumpkin for the debt due and decree of sale of mortgaged land to pay said debts and costs, the debt itself being the property of the estate of his intestate and subject to administration in his hands, and the district judge could not make any legal order assuming to direct its administration by its future orders and to substitute another who had no established claim against said fund as having superior rights over plaintiff in error. George v. Woodward, 40 Vt., 672; Brunett v. Schetteler, 21 Wis., 188; Wilt. on Mort. Fore., sec. 89; Carpenter v. O'Doherty, 67 Barb., 397; Salmon v. Allen, 11 Hun, 29; McCrumm v. Corby, 11 Kans., 464; Underhill v. Atwater, 22 N. J. Eq., 16; Ackerman v. Railway, 28 N. J. Eq., 542; Van Deventer v. Stiger, 25 N. J. Eq., 224; Camena v. Huelbig, 23 N. J. Eq., 78; Rowell v. Williams, 54 Wis., 636; Port v. Embree, 54 Ia., 14; Ayres v. Adams, 82 Ind., 109; Buck v. Axt, 85 Ind., 512; Evans v. Pence, 78 Ind., 439; Farmers Bank of Moresville v. Butterfield, 101 Ind., 229.

*Gregg & Reeves*, for Silliman.—When a negotiable note is deposited as collateral security for a debt, the holder, after the death of the payee of the deposited note, need not prove up his debt against the estate of the deceased payee, but can collect the deposited note held as collateral security and apply the proceeds to the payment of his debt; and in a controversy between the administrator of the decedent and the holder of the note, in which the holder claims to be the absolute owner and asks a foreclosure against the maker of the note, it is necessary to serve citation of his pleading upon the maker, and if this is not done judgment should be reversed and remanded for a new trial so that service may be had on the maker of the note. Huyler v. Dahoney, 48 Texas, 234.

HENRY, ASSOCIATE JUSTICE.—Plaintiff in error instituted this suit as administrator of T. J. Williams, deceased, alleging that Wilson Lumpkin executed to his intestate his promissory note for the sum of nine hundred dollars, payable on the 11th day of January, 1887, secured by a mortgage on real estate described in the petition. He further charged that his intestate executed to defendant J. A. Hein his promissory note for one hundred and thirty-one dollars, and to secure the payment of

said note to said Hein placed the note made by defendant Lumpkin in the hands of said Hein as collateral security. He avers that Hein was authorized to collect the Lumpkin note, and after applying for that purpose so much of the proceeds as were sufficient to satisfy the note due to him was obligated to pay the balance to plaintiff's intestate.

The petition charges that Hein, in violation of his promise, had pretended to sell said Lumpkin note to defendant Silliman, who had notice when he received such transfer of all the facts connected with the transactions between plaintiff's intestate and said Hein; that Hein at the same time sold said Silliman plaintiff's intestate note for one hundred and thirty-one dollars.

The plaintiff prayed for judgment for the debt and foreclosure of the mortgage, and in the event that it appeared that Silliman had the right to collect the Lumpkin note as collateral security for the payment of the one hundred and thirty-one dollar note, then that the court would by its judgment direct that said note should be first paid out of the proceeds of the mortgaged property, provided the court should hold that it could so direct the payment of an unestablished claim against the estate of a deceased person.

The defendants Lumpkin and Hein were duly cited to answer but made default.

The defendant J. M. Silliman appeared and answered, charging that he was the owner and holder of the Lumpkin note and entitled to judgment for the debt and foreclosure of the mortgage and against plaintiff quieting his title to the note, and praying that Lumpkin be cited to answer his complaint made by his answer.

Silliman in his answer also prayed that if it be found true that Hein only held the Lumpkin note as collateral security for the payment of said one hundred and thirty-one dollar note, then that defendant Silliman be subrogated to his rights, and that the amount of said note, with interest thereon from the 1st day of February, 1887, amounting to the sum of one hundred and fifty dollars, be first paid out of the proceeds of the Lumpkin note and mortgage.

Without other notice to Lumpkin than the original citation, at the instance of plaintiff the cause was tried with a jury. The jury, in response to special issues submitted by the court, found that the Lumpkin note was delivered to Hein by plaintiff's intestate for the purpose of securing him in the payment of the aforesaid note to him, amounting at the date of the verdict to $154.92.

2.   That plaintiff's intestate never authorized Hein to sell and transfer the Lumpkin note and mortgage absolutely, but only to secure the payment of his note executed to Hein.

3.   That Hein did not sell the Lumpkin note to Silliman absolutely, but sold to him the note executed to Hein by plaintiff's intestate and

merely transferred the Lumpkin note and mortgage as collateral security therefor.

Whereupon the court decreed that J. M. Silliman held the legal title to the Lumpkin note, and was entitled to a judgment for the amount of said note, and foreclosure of the mortgage as holder thereof as collateral security for the note made to Hein, and that he hold such note and mortgage in trust for the estate of T. J. Williams, subject alone to the payment of such amount due on the Hein note as he, Silliman, should establish against said estate in due course of administration.

The sheriff was ordered to return into the District Court the proceeds of the sale of the mortgaged property, to be distributed in pursuance of the terms of the decree as above stated. It was ordered that as against defendant Hein plaintiff take nothing, and that any excess of the proceeds of the sale of the mortgaged property remaining after the payment of the amount adjudged upon the note and the costs against him be paid to said Lumpkin.

From this decree plaintiff sued out a writ of error and assigns errors as follows:

"1. That the court erred in rendering judgment in the name of J. M. Silliman against Wilson Lumpkin, because Silliman had no established claim against the estate of Williams authorizing the rendition of a judgment in his name, etc., and because said Silliman failed to join plaintiff in error in his action, or to file a cross-bill and have said defendant Lumpkin cited, etc.

"2. That plaintiff alone under the pleadings, issues, and verdict was entitled to a judgment, and in his own name, against defendant Lumpkin for the debt and for foreclosure of the mortgage, and the district judge could not lawfully make an order directing the administration of the debt," etc.

We do not think these objections are well taken, nor that any error was committed of which the appellant can complain. The decree gives him all that he was entitled to recover.

Under authority of the case of Huyler v. Dahoney, 48 Texas, 235, the court might have ordered the amount of the proceeds found to be due to Silliman to be paid to him without requiring him to establish his claim in the administration of the estate of Williams, and without the necessity of further proceedings on his part.

In his brief filed in this court Silliman joins in the prayer of appellant for the reversal of the decree, but he did not assign error, and the defendants Hein nor Lumpkin having joined in the prayer to reverse we can not so dispose of the case.

We think the pleadings of plaintiff alone sufficiently presented the case as to all parties to justify the decree as rendered without it being necessary for the defendant Silliman to plead more than he did, or even so

much, and that defendant Lumpkin having been summoned as a defendant to answer plaintiff's cause of action did not require to be further notified.

The decree sufficiently indicates the amount of the judgment that plaintiff will be authorized to withdraw for him to be able to take the amount coming to him through the decree, even if defendant Silliman does not proceed, as the decree directs and as he may easily do, to establish his claim for his interest.

The judgment is affirmed.

*Affirmed.*

Delivered October 25, 1889.