CLARKE et al. v. FIRST STATE BANK
OF DALLAS et al.

(Court of Civil Appeals of Texas. Dallas.
June 8, 1912. Rehearing Dismissed
Oct. 12, 1912.)

1. CORPORATIONS (§ 123*)—PLEDGE OF STOCK
—PRIORITIES.

A pledge of shares of stock as collateral security has a superior right therein, and is entitled to receive any benefits arising therefrom over and in advance of the claim of the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

pledgor's surviving widow for a year's allowance and in lieu of homestead, as well as the expenses of his last illness, including all benefits attached thereto, which include any money accruing to the pledgor's stock upon a sale of the corporation's property.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 481, 491, 507–512, 537, 539–546, 612, 618; Dec. Dig. § 123.*]

2. EXECUTORS AND ADMINISTRATORS (§ 224*) —CLAIMS TO BE PROVED — CLAIM BY PLEDGEE.

The pledgee of shares of stock is not a mere mortgagee or lienholder, who must prove up his debt against the pledgor's estate in the probate court.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 768–788; Dec. Dig. § 224.*]

3. CORPORATIONS (§ 123*)—PLEDGE OF STOCK —ENFORCEMENT—JURISDICTION.

Where the pledgee of shares of stock brings suit against the corporation's treasurer, who holds a fund after its affairs have been wound up, and by interpleader and intervention the widow, as executrix of the pledgor, and all parties interested in the fund in control of the district court, were before the court, it has jurisdiction to direct an equitable disposition thereof among the contesting claimants; and it is not necessary for the pledgee to institute suit against the widow, as executrix, to foreclose the lien.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 481, 491, 507–512, 537, 539–546, 612, 618; Dec. Dig. § 123.*]

4. PLEDGES (§ 57*)—COLLATERAL SECURITY— CLAIM AGAINST ESTATE—FORECLOSURE.

Securities held by a pledgee as collateral constitute no part of the pledgor's estate until the debts which they secure are paid, until which time it is not necessary for the pledgee to institute suit against the pledgor's representative to foreclose the lien.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 184, 185; Dec. Dig. § 57.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by the First State Bank of Dallas against the Diamond Palace Jewelry Company and John H. Gaston, in which Alice Clarke, executrix, the Commonwealth National Bank, the American Exchange National Bank, Walter Hogg, and D. H. Morrow were interpleaded, and in which Dr. D. P. Tipton and others intervened. Judgment for the First State Bank, the Commonwealth National Bank, D. H. Morrow, and the intervening parties, and Alice Clarke, executrix, and the interveners appeals. Affirmed.

W. H. Clark, T. F. Lewis, W. L. Mathis, and W. M. Edwards, all of Dallas, for appellants. Jeff Word, Burgess, Burgess & Chrestman and J. W. Thompson, all of Dallas, for appellees.

RASBURY, J. Prior to the commencement of this suit, the Diamond Palace Jewelry Company, a private corporation, was engaged in business in the city of Dallas. Its authorized capital was $20,000, represented by 200 shares therein, each of the par value of $100, of which Mrs. D. L. Hendricks owned 92 shares, B. M. Clarke, 92 shares, L. R. Hendricks, 1 share, and Walter Hogg, 1 share, a total of 186 shares. The remaining 14 shares were not issued. The shareholders above named made up the directors and officers of the corporation. On June 2, 1908, B. M. Clarke executed and delivered to Mrs. D. L. Hendricks his note for $2,185, due one year after date, bearing 10 per cent. per annum interest from date, and as security for payment thereof deposited and pledged with Mrs. Hendricks 22 of the shares owned by him in said corporation. On August 3, 1908, B. M. Clarke executed and delivered to First State Bank of Dallas his note for $1,000, due six months after date, bearing interest at 10 per cent. per annum after maturity. Also on November 4, 1908, Clarke executed and delivered to said bank his note for $200, due 90 days from date, bearing 10 per cent. per annum interest after maturity. As security for the payment of both notes, Clarke deposited and pledged with said bank 30 of his shares in said corporation. On November 30, 1908, Clarke executed and delivered to Commonwealth National Bank of Dallas his note for $2,300, with Walter Hogg as surety, due four months after date, bearing 10 per cent. per annum interest after maturity. As security for the payment thereof, Clarke deposited and pledged with said bank 40 of his shares in said corporation. On December 14, 1908, D. H. Morrow purchased from L. R. Hendricks the $2,185 note given by Clarke to Mrs. Hendricks; L. R. Hendricks having in the meantime purchased same. The shares securing its payment were· delivered by him to Morrow. By agreement with Clarke and Hogg, Morrow was to hold the note and collateral as security for the payment of $500 due by Clarke to Morrow, $600 due by Clarke to Hogg, $500 due by Clarke to the American Exchange National Bank, as well as the $2,300 note due the Commonwealth National Bank. With the shares pledged to secure payment of the several notes above described was also delivered a contemporaneous agreement, pledging unconditionally said shares and all benefits thereunder to the respective pledgees until their debts were paid. On June 16, 1908, Clarke married Alice Lackman, who is one of the appellants. Subsequent to his marriage and to the transactions above detailed, Clarke was shot, and afterwards died. Before his death, Clarke executed a will, appointing his wife independent executrix thereof, without bond. The will was probated in Dallas county, and Mrs. Clarke was confirmed and qualified as executrix.

After Clarke's death, upon the application of said Alice Clarke, the Forty-Fourth judicial district court of Dallas county appointed a receiver for the Diamond Palace Jewelry Company. Said receiver qualified and took possession of all the property of the company. Thereafter, on February 27, 1909,

a majority of the shareholders in said company elected a new board of directors, one of the directors taking the place of Clarke, deceased, which board in turn elected officers. No one was present at said election in possession of the stock of B. M. Clarke, although appellant's attorney was present and demanded the right to vote her stock, which was denied. The shares present and represented were 94 in number. After this election, and subsequent to the appointment of the receiver, the Diamond Palace Jewelry Company moved to vacate the receivership and dismiss the receiver. Mrs. Alice Clarke, upon whose application the receiver was appointed, contested the motion to vacate the receivership, alleged the meeting of the corporation after her husband's death and the election of directors and officers at said meeting to be fraudulent. She also prayed the court to set aside to her reasonable allowances from the assets of said corporation belonging to her husband, in lieu of lawful exemptions not left her by her husband. The motion to vacate was heard at intervals covering a period of 45 days, during which time, on application of Mrs. Alice Clarke, an auditor was appointed. After report of the auditor and a hearing on the facts, the suit was dismissed, and the receiver directed to deliver the property and assets of the corporation to its then treasurer, John H. Gaston. No appeal was taken from the order dismissing the suit.

The officers of the corporation, after obtaining possession of its assets, proceeded to and did wind up its affairs and disposed of its assets. On June 14, 1909, its treasurer had on hand for distribution among its shareholders, after paying all debts, $7,468.18. This money was apportioned among and paid to the shareholders, except the sum of $3,831.03, which was the amount accruing to the 92 shares issued to B. M. Clarke, and pledged, as herein recited, to his various creditors. Those holding the shares as security for Clarke's debts and Mrs. Alice Clarke could not agree on the disposition of this fund. Matters standing thus, the First State Bank filed suit in the Sixty-Eighth district court of Dallas county against the Diamond Palace Jewelry Company and John H. Gaston, its treasurer, who had possession of the fund. Gaston interpleaded Mrs Alice Clarke, the Commonwealth National Bank, the American Exchange National Bank, Walter Hogg, and D. H. Morrow. By intervention, Dr. W. W. Samuels and Dr. D. P. Tipton, physicians in attendance upon B. M. Clarke during his last illness, and Donovan Company, undertakers, who interred Clarke, set up claims for services rendered.

Upon call of the case, and after all demurrers and exceptions were disposed of, and after the evidence was all in, the court instructed a verdict, which verdict and judgment thereon was, in substance, as follows:

That John H. Gaston, out of said fund held by him, should pay the following items: To his attorneys, $200; First State Bank, $1,146.60; Commonwealth National Bank, $1,528.85; D. H. Morrow personally and as trustee, $840.40. (These amounts represented the proportion of said fund that the shares held by the respective distributees as security for their several debts bore to the entire fund due upon the Clarke shares.) That upon payment by Gaston of said sums of money the distributees named should deliver to Gaston, as treasurer of the corporation, the shares held by each. That all costs should be paid by said distributees in the ratio that the fund was apportioned. That the respective claims of Dr. W. W. Samuels, Dr. S. P. Tipton, and Donovan Company be established against the estate of B. M. Clarke, deceased, and ordered paid out of any money or property belonging to said estate in possession of Alice Clarke, as executrix, or that should thereafter come into her possession, such claims to be superior to the allowances made for said Alice Clarke. That said Alice Clarke be allowed $4,500, in lieu of homestead, one year's support and maintenance, and other exemptions to be paid out of any money or property belonging to the estate of B. M. Clarke in her possession, as executrix, or that should thereafter come into her possession, such allowance to be inferior to the claims of Dr. Samuels, Dr. Tipton, and the Donovan Company. That Alice Clarke, Donovan Company, Dr. Samuels, and Dr. Tipton take nothing against the First State Bank, the Commonwealth National Bank, and D. H. Morrow.

While no judgment was rendered against the estate of Clarke on the notes held by the First State Bank, the Commonwealth National Bank, and D. H. Morrow, the judgment did, in each instance, ascertain and determine the amount due on the respective claims, and directed that the funds held by Gaston, as treasurer of the corporation, be paid as stated, and provided for execution for the enforcement of the directed distribution. The funds in Gaston's possession were derived from the sale of the assets of the corporation. Foreclosure of the lien upon the shares of corporate stock was not attempted by those holding same. The pleading of the parties holding the corporate shares of stock as security for their debts only asked that the court ascertain the amount due them by Clarke, and direct Gaston to pay out of the funds in his hands the proportion to which each was entitled. Clarke's estate was insolvent.

We shall not attempt to follow the pleadings of the parties in the order in which same were filed, or to narrate their contents. It is sufficient, we believe, to say that the First State Bank, the Commonwealth National Bank, and Morrow, by appropriate pleading, alleged the facts recited herein with reference to their possession of and in-

terest in the corporate shares of Clarke, and asserted a consequent and proportionate interest in the money held by Gaston, and which represented the distributive portion of the assets of the Diamond Palace Jewelry Company accruing to the shares issued to Clarke and pledged by him, and asked the court to direct Gaston to pay them such sum, same to be applied on Clarke's debt. The appellants, Alice Clarke, Samuels, Tipton, and Donovan Company, asserted, by appropriate pleading, that any interest that appellees might have in the funds held by Gaston was inferior and subordinate to the expenses of Clarke's last illness, due the latter three, and the allowances accruing to Mrs. Clarke by statute in lieu of exemptions, etc., and prayed for orders of court accordingly. Appellants also alleged that the trial court was without authority to enter the decree it did, for the reason that appellees' remedy was to present the claim to the executrix for allowance by her, or by suit upon the notes and for foreclosure of their liens on the collateral and a sale thereof, and denied that the collateral held by appellees gave them any interest in the money arising from the sale of the assets of the corporation and accruing to Clarke's shares therein.

The foregoing are the issues presented for determination, as disclosed by the record, and which are in various ways raised under a number of assignments of error, and we will discuss the issues without reference to the arrangement of the assignments.

[1] We are of opinion that it is now well settled that the pledgee of collateral security has a superior right therein, and is entitled to receive any benefits arising therefrom over and in advance of the claim of the surviving widow for a year's allowance and in lieu of homestead, as well as expenses of the decedent's last illness. The reasons for the rule are clearly and convincingly stated in the adjudicated cases, and we content ourselves by a reference thereto, with the suggestion, as particularly applicable to this case, that such possession and right includes "all *benefits* attaching thereto," which, in this case, would include any money accruing to the shares of Clarke upon a sale of the property of the Diamond Palace Jewelry Company. Fulton v. National Bank of Denison, 26 Tex. Civ. App. 115, 62 S. W. 84; Clark v. Southwestern Life Ins. Co., 52 Tex. Civ. App. 38, 113 S. W 335; Andrews v. Insurance Co., 92 Tex. 584, 50 S. W. 572.

[2, 3] We are also of opinion that it was not necessary for appellees to institute suit against the executrix to recover judgment upon their several notes and foreclose the lien on the collateral securing the same and have it sold, for the reason that it would have been a needless proceeding, since all parties having a remote interest in the fund were before the court, and the fund itself under the control of the court, and because the owner of collateral security is not a mere mortgagee or lienholder, who must prove up his debt in the probate court. The district court, with all claimants to the property before it, had ample authority and jurisdiction to direct an equitable distribution thereof among the contesting claimants. Williams v. Lumpkin, 74 Tex. 601, 12 S. W. 488; Huyler v. Dahoney, 48 Tex. 234.

[4] Another reason why the case was correctly begun and determined is that the collateral held by appellees constituted and could constitute no part of Clarke's estate until the debts which it secured had been paid. Andrews v. Insurance Co., supra; Williams v. Lumpkin, 74 Tex. 601, 12 S. W. 448; Fulton v. Bank, supra.

Finding no reversible error in the record, the judgment of the court below is affirmed.