**LAURAINE v. ASHE et al.** (No. 2794.)

(Supreme Court of Texas. Feb. 7, 1917.)

**1. ABATEMENT AND REVIVAL ☞63—DEATH OF DEFENDANT.**

Under Rev. St. 1911, art. 1888, providing that suit shall not abate because of defendant's death, but that suit may proceed against his administrator, defendant's death and administration of his estate does not abate a suit against him and require a new proceeding upon the claim in the probate court.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 320, 321; Dec. Dig. ☞63.]

**2. ABATEMENT AND REVIVAL ☞77 — JUDGMENT IN SUIT PENDING AT DECEDENT'S DEATH.**

Under such statute, where administration is had upon defendant's estate, the proper practice is to certify a judgment rendered in suit pending against defendant at his death to the probate court, to be paid in the course of administration.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 488–494; Dec. Dig. ☞77.]

**3. ABATEMENT AND REVIVAL ☞77—CONTINUANCE OF ACTION — JUDGMENT — LIEN ON PROPERTY.**

Where the pending suit involves liens upon property given to secure the indebtedness sued on, the proper practice is to certify to the probate court the judgment establishing a lien, for it to be executed there through a sale of the property.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 488–494; Dec. Dig. ☞77.]

**4. COURTS ☞478—EXCLUSIVE JURISDICTION—PROPERTY IN CUSTODY OF LAW—RECEIVERS.**

When a court of equity, in a cause of which it has jurisdiction, takes possession of property through a receiver, the property is withdrawn from the jurisdiction of all other courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1261–1267; Dec. Dig. ☞478.]

**5. RECEIVERS ☞60—CONTINUATION OF RECEIVERSHIP.**

So long as a court of equity has jurisdiction of a cause giving it the right to take possession of property through a receiver, it has the power, whether rightfully or wrongfully exercised, to continue the receivership.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 105–107; Dec. Dig. ☞60.]

**6. RECEIVERS ☞29(1)—POWER OF COURT TO APPOINT.**

The power of a court to appoint a receiver of property proceeds from its jurisdiction of a cause, and is an element of it.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 38–41; Dec. Dig. ☞29(1).]

**7. RECEIVERS ☞60 — CONTINUATION OF RECEIVERSHIP.**

Whether a receivership should be continued is to be governed by the necessities of the case as related to the rights of the parties, and, so long as the court maintains jurisdiction of the cause, this is a question of judicial discretion, and not one of judicial power.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 105–107; Dec. Dig. ☞60.]

**8. MANDAMUS ☞28—JUDICIAL DISCRETION—CONTROL.**

The exercise of judicial discretion is not subject to control by mandamus.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 64; Dec. Dig. ☞28.]

**9. MANDAMUS ☞172—TO COMPEL VACATION OF RECEIVERSHIP—SCOPE OF INQUIRY.**

In mandamus to vacate receivership as to certain property, the court will not inquire whether the order appointing the receiver was providently made, where the court appointing the receiver had jurisdiction to do so.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 381–385; Dec. Dig. ☞172.]

**10. RECEIVERS ☞55 — APPOINTMENT — VALIDITY.**

An order appointing a receiver is not invalidated by an error in the exercise of the court's power to make such appointment.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 94, 400; Dec. Dig. ☞55.]

**11. RECEIVERS ☞60—TERMINATION—RIGHT OF ADMINISTRATOR — POSSESSION OF DECEDENT'S PROPERTY.**

Where, in lifetime of a debtor, a receiver was appointed by district court for her property, to preserve it and adjust conflicting claims, the district court's right to possession of the property through its receiver did not pass on her death to her administrator, by virtue of Rev. St. 1911, art. 3235, as to administrator's right to possession, in the absence of showing the absence or loss of jurisdiction of the court appointing the receiver, as by termination of suits, etc.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 105–107; Dec. Dig. ☞60.]

**12. EXECUTORS AND ADMINISTRATORS ☞38—RIGHT OF ADMINISTRATOR TO POSSESSION.**

Rev. St. 1911, art. 3235, providing that the administrator of an estate of a decedent shall have the right to the possession of the estate "as it existed at the death of the intestate," does not authorize an administrator to assume possession of property not in the possession of decedent at the time of his death and to the possession of which he was not then entitled.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 323; Dec. Dig. ☞38.]

**13. COURTS ☞472(4)—DISTRICT COURT—ANCILLARY PROBATE JURISDICTION.**

Although the Constitution, in broad and general terms, confers jurisdiction upon the county court for the transaction of "all business appertaining to deceased persons, * * * including the settlement, partition, and distribution of estates of deceased persons," it also confers, in terms equally broad, an equity jurisdiction upon the district court, which may be resorted to, notwithstanding an administration in a county court, for the determination of questions that may arise affecting estates in the regular course of administration, requiring, for illustration, the adjustment of equities, for the settlement of which the probate jurisdiction of the county court is inadequate; this jurisdiction being auxiliary and ancillary to that of the probate court and in some extraordinary instances corrective.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1204; Dec. Dig. ☞472(4).]

─────────────────────────────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**14. COURTS ⏄⟲35—PRESUMPTION—JURISDIC-
TION OF COURTS.**

An exercise of jurisdiction by the district
court is presumed rightful, in the absence of
showing to the contrary.

[Ed. Note.—For other cases, see Courts, Cent.
Dig. §§ 140, 141, 145, 146; Dec. Dig. ⏄⟲35.]

**15. EXECUTORS AND ADMINISTRATORS ⏄⟲333—
SALE OF PROPERTY OF DECEDENT.**

Only the probate court has jurisdiction to
sell, for the payment of debts, the property of
a decedent upon whose estate administration has
been commenced or is pending.

[Ed. Note.—For other cases, see Executors and
Administrators, Cent. Dig. §§ 1372–1375; Dec.
Dig. ⏄⟲333.]

**16. COURTS ⏄⟲472(4)—SALE OF PROPERTY OF
DECEDENT.**

The rule that the jurisdiction of the pro-
bate court to sell, for the payment of debts,
the property of an estate being administered, is
exclusive, applies where a sale of property is
made necessary by a judgment of the district
court, in the exercise of its auxiliary jurisdic-
tion over questions affecting estates being ad-
ministered.

[Ed. Note.—For other cases, see Courts, Cent.
Dig. § 1204; Dec. Dig. ⏄⟲472(4).]

Original petition for mandamus by W. V.
Lauraine against Chas. V. Ashe and others.
Mandamus refused.

Cooper & Merrill and Jno. G. Tod, all of
Houston, for plaintiff. Williams & Neethe,
of Galveston, for defendant Ashe. Gill,
Jones & Tyler and H. N. Atkinson, all of
Houston, for defendant Kittrell.

PHILLIPS, C. J. This proceeding has for
its purpose the issuance of a writ of man-
damus directing Honorable Chas. E. Ashe,
Judge of the District Court for the Eleventh
Judicial District to vacate as to the property
of Mrs. Margaret E. Allen a receivership
pending in that court and order the delivery
of such property into the hands of the re-
lator as administrator of her estate.

The receivership is an incident of a suit
originally filed in the District Court of Har-
ris County in December of the year 1908 by
the First National Bank of Whitney, Texas,
in the lifetime of Mrs. Allen and against her
and A. C. Allen, her son. In that suit the
plaintiff asserted the ownership of a judg-
ment against Mrs. Allen and A. C. Allen in
an amount in excess of $7,000.00, and con-
stituting a lien upon their real estate situ-
ated in different counties in the State. It
was also there pleaded that Mrs. Allen and
A. C. Allen were variously indebted to oth-
er persons in large amounts, such indebted-
ness being in some instances secured by
mortgage liens upon their property and hav-
ing in others been reduced to judgment with
the judgments operating as liens upon their
real estate; that the amounts of such indebt-
edness so secured consisted largely of gross-
ly usurious interest, causing the property to
appear incumbered for a much larger
amount than the actual indebtedness, which

tended to depreciate its value. Further, that
the various creditors of the Allens were
threatening to proceed against their proper-
ty for the enforcement of their claims, through
foreclosure sales, levying of execution, etc.,
which, if permitted would result in its sacri-
fice, whereas its actual value was more than
double the amount of the entire lawful in-
debtedness against it; further allegations be-
ing made with respect to the necessity for
the appointment of a receiver for the pres-
ervation of the property pending the estab-
lishment of the claims to which it was law-
fully subject. The prayer was for the ap-
pointment of a receiver and an order direct-
ing the presentment by all creditors of the
Allens of their respective claims for adjudi-
cation by the court; that the court deter-
mine and adjudge the amounts really due
upon such claims, and thereafter under its
direction so much of the property be sold as
should be necessary for their payment.

Upon this prayer a receiver was duly ap-
pointed. He qualified, and took into posses-
sion certain real and personal property be-
longing to Mrs. Allen and A. C. Allen for the
purpose of preserving it. This suit, with the
receivership yet in force, is now pending.

Some years after all of these proceedings
Mrs. Allen died. The relator was appointed
temporary administrator of her estate by the
County Court of Harris County and duly
qualified as such. Later, he was appointed
and qualified as permanent administrator.
This appointment was contested, and the con-
test is now pending in the District Court on
appeal, as yet undetermined, the County
Court having continued the powers of the
relator as temporary administrator in the
meanwhile.

Before resorting to this court the relator,
as temporary administrator of Mrs. Allen's
estate, presented a motion in the District
Court suit reciting the probate action of the
County Court and upon various grounds as-
serting that as to the property of Mrs. Al-
len the receivership should be vacated and
the property delivered into his custody.
This motion was considered and overruled,
the court being of the view that since it had
acquired jurisdiction of the property in the
lifetime of Mrs. Allen, it was entitled to hold
the possession through its receiver. No at-
tempt to appeal from this order was made.

The answer to the petition for mandamus,
filed by the receiver alone, states that in the
District Court suit various interventions
have been filed by creditors of Mrs. Allen
and A. C. Allen, seeking the establishment
of debts and mortgage liens against the
property held by the receiver. It also ap-
pears that prior to the death of Mrs. Allen
various controversies were pending in rela-
tion to different claims involved in the suit.

**[1-3]** We are of the opinion that the writ

---

⏄⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

should be refused. As to claims in suit at the time of the death of a defendant, the action does not abate upon his death. If administration be regularly had upon his estate, his administrator may be made a party and the suit be prosecuted to judgment, the proper practice in such cases being to certify the judgment to the probate court to be paid in the course of the administration. Article 1888, Revised Statutes; Boone v. Roberts, 1 Tex. 149; Low v. Felton, 84 Tex. 378, 19 S. W. 693. Where such a suit involves liens upon property given to secure the indebtedness sued on, this is likewise the rule. The death of the defendant pending the suit does not abate it and require, in the event of administration, a new proceeding upon the claim in the probate court. The administrator may be made a party and the cause proceed to judgment establishing the debt, and the lien as an incident of it, the judgment to be certified to the probate court and there executed through a sale of the property.

[4-8] It is furthermore essentially true that when a court of equity in a cause of which it has jurisdiction takes possession of property through a receiver, the property is withdrawn from the jurisdiction of all other courts; and so long as its jurisdiction of the cause subsists, the court has the power, whether rightfully or wrongfully exercised, to continue the receivership. The power of the court to appoint the receiver proceeds from its jurisdiction of the cause and is an element of it. Jurisdiction of the property lawfully acquired may be maintained and exerted as a means of aiding and completing the exercise of its jurisdiction over the cause and giving effect to its judgment upon the rights involved. While the jurisdiction of the cause continues, therefore, the power of the court in respect to the receivership alike continues. Whether the receivership should be continued is to be governed by the necessities of the case as related to the rights of the parties. But so long as the court maintains its jurisdiction of the cause, that is a question of judicial discretion; it is not one of judicial power. The exercise of judicial discretion is, of course, not subject to control by mandamus.

It is apparent from the answer to the petition for mandamus that action upon some of the claims was pending in the District Court at the time of the death of Mrs. Allen. As to none of them is the contrary made to appear from the petition. So far as the petition reveals, these interventions, as well as the plaintiff's claim, are still pending. The death of Mrs. Allen did not abate the suit as to any of the claims asserted against her upon which action was then pending. Nor would a permanent administration upon her estate, if finally perfected, have that effect. As to such claims, if the administration be perfected, her administrator may be made a party and the cause proceed to judgment establishing the claims and the liens incident to them, if entitled to be established. It is not made to appear from the petition, therefore, that the District Court has lost its jurisdiction of the cause as it related to the liability of Mrs. Allen upon any of the various claims involved.

[9-11] The receivership was perfected and the District Court's jurisdiction of the property acquired during the lifetime of Mrs. Allen. Whether the order appointing the receiver was providently made will not be inquired into here. The court had jurisdiction of the cause and. the power, inherent in a court of chancery, to appoint the receiver. An error in the exercise of the power would not invalidate the order. It does not appear, as already stated, that the court's jurisdiction of the cause as related to the liability of Mrs. Allen upon the several claims is at an end. So far as the status of the different claims asserted against her is revealed by the petition, the court still has the authority to establish them as valid claims against her estate. With this jurisdiction yet subsisting, its authority to hold possession of the property involved, acquired in the lifetime of Mrs. Allen as an incident of that jurisdiction, still continues as a part of its power to hear and finally determine the cause. Nothing else could be the rule as to jurisdiction which has been lawfully acquired. Jurisdiction thus invested may be fully exerted in relation to all the subjects of it, and during its exercise cannot be invaded or interfered with by other courts.

[12] Further, the statute provides that the administrator of an estate of a decedent shall have the right to the possession of the estate "as it existed at the death of the intestate." Article 3235. This does not authorize an administrator to assume possession of property not in the possession of the decedent at the time of his death and to the possession of which he was not then entitled. This has been distinctly held, with the ruling approved by this court, in respect to property pledged by a decedent in his lifetime and lawfully in the hands of the pledgee at the time of the decedent's death. Fulton, Adm'r, v. Bank, 26 Tex. Civ. App. 115, 62 S. W. 84. For the same reason an administrator is not entitled to the possession of property lawfully held by the District Court through its receiver at the time of the decedent's death, and in respect to which its jurisdiction is not exhausted.

[13] In another respect it is not made to clearly appear,—as it must be before this court is authorized to issue a mandamus against the District Judge,—that the jurisdiction of the District Court over the pending suit in respect to the claims asserted against Mrs. Allen, is at an end. Jurisdiction for the transaction of "all business appertaining to deceased persons, * * * including the settlement, partition and distribution of estates of deceased persons," is by the

Constitution conferred upon the County Court in broad and general terms. But the equity jurisdiction of the District Court is conferred by the same instrument in terms equally broad. While it is customary to speak of the jurisdiction of the County Court over matters relating to estates of deceased persons under administration as "exclusive," and the entire current of our judicial decisions is to carefully protect the jurisdiction of that court over such matters, as it ought to be, yet it is plainly recognized that questions may arise affecting estates in regular course of administration, requiring, for illustration, the adjustment of equities, for the settlement of which the probate jurisdiction of the County Court is inadequate, and in such cases, notwithstanding the administration, resort may be had to the equity powers of the District Court for the determination of those questions, the judgment to be performed through the Probate Court. This is a jurisdiction auxiliary and ancillary to that of the Probate Court. In some extraordinary instances it may be corrective. It is to be exercised only in special cases, but it nevertheless exists. Cannon v. McDaniel, 46 Tex. 303; George v. Ryon, Administrator, 94 Tex. 317, 60 S. W. 427; Western, etc., Mortgage Company v. Jackman, Admr., 77 Tex., at page 626, 14 S. W. 305; Groesbeck v. Groesbeck, 78 Tex. 669, 14 S. W. 792; Pomeroy's Eq. Jur. Vol. 3, § 1154, pp. 2283–2294.

[14] The petition of the relator does not disclose the nature or the status of the controversy in respect to any of the claims involved in the District Court suit. For aught we are advised issues may have arisen and may now be pending in connection with these claims for the determination of which the powers of the Probate Court are inadequate and its methods imperfect, and as to which, accordingly, the jurisdiction of the District Court is clear and undoubted. Upon such a showing, affording us no means for determining whether or not the District Court is in this respect exercising a lawful authority, we would not be justified in disturbing its jurisdiction by ousting its possession of property which we must assume was rightfully held by it at the time of Mrs. Allen's death and to which its equity powers may still extend.

[15, 16] To make our ruling plain, it is to be understood that only the Probate Court has jurisdiction to sell for the payment of debts the property of a decedent upon whose estate administration has been commenced or is pending. Rogers v. Kennard, 54 Tex. 30; Smithwick v. Kelly, 79 Tex. 564, 15 S. W. 486; Atchison v. Smith, 25 Tex. 228. Our holding is made with clear reference to the want of such power in the District Court. As applied to the character of case last discussed,—where, notwithstanding a pending administration, the jurisdiction of the District Court may be availed of for the settlement of questions affecting the estate which the powers of the Probate Court are inadequate to determine, this is also the rule. The judgment in such a case is to be performed through the Probate Court, and if a sale of property is necessary to its performance it must be made by that court. Cannon v. McDaniel, supra. An attempted exercise of this power by the District Court is not here involved; nor, with administration upon the estate of Mrs. Allen commenced, is it to be assumed that its exercise will be attempted. The present case concerns alone a jurisdiction which is entirely distinct from such power, and which, from aught that here appears, may be properly exercised by the District Court.

Our holding is that the District Court has the power to maintain in the suit there pending its possession of the property through the receiver until its jurisdiction over the cause is at an end; and as it is not made to appear here that that jurisdiction is exhausted, this court will not issue a mandamus to oust its possession of the property.

It is not necessary to consider the question of whether an appeal lay from the District Court's order overruling the relator's motion to vacate the receivership, supplying that as his proper remedy rather than a mandamus proceeding.

The mandamus is refused.