**RAGSDALE v. PRATHER et al.**

No. 3848.

Court of Civil Appeals of Texas. El Paso.
Sept. 28, 1939.

Rehearing Denied Nov. 2, 1939.

M. M. Guinn, of Rusk, for appellant.

Norman, Stone & Norman, of Jacksonville, and Smithdeal, Shook & Lefkowitz, of Dallas, for appellee.

**626**

PRICE, Chief Justice.

This is a proceeding for the appointment of an administrator of the estate of John E. Ragsdale, deceased. Giffin Prather, appellee, filed application in the County Court of Cherokee County, setting forth the necessary jurisdictional facts and alleging the necessity for an administration. Charlotte Ragsdale filed opposition to the appointment. The grounds set forth in the opposition were, that on or about the 24th day of September, 1937, John E. Ragsdale had executed and delivered a trust agreement conveying to C. D. Acker, as trustee, for her use and benefit, all his property, real, personal and mixed. Hence the deceased died seized of no property to be administered. She further alleged that he had left a will giving all of his property to her and appointed her independent executrix, but she had not sought to probate same because, as before stated, he died seized of no property.

On the 28th day of May, 1938, the County Court of Cherokee County denied the application of Giffin Prather, but appointed Carlton Odom administrator, who had not applied for letters of administration. The order of appointment recited that there was a pending suit in the District Court between the heirs of John E. Ragsdale and appellant, and the Court deemed it improper to decide at that time the prior right to appointment as between appellant and the heirs.

Both appellee and appellant perfected appeals to the District Court of Cherokee County.

In the District Court appellant pleaded, in abatement of appellee's application for administration, that before the institution of the proceedings there was pending in the District Court of Cherokee County a suit by appellee and the other heirs of John E. Ragsdale seeking as against appellant the cancellation of the trust agreement. This plea was overruled by the Court and appellant reserved due exception to such action.

Appellant filed an amended contest in the District Court, not changing in any material way the basis of her contest from that urged in the Probate Court.

The District Court, on a hearing, decided that there was a necessity for administration and appointed Giffin Prather administrator, setting aside the order of the Probate Court appointing Carlton Odom. To this judgment appellant excepted and duly perfected her appeal to the Court of Civil Appeals.

Appellant predicates her appeal on the theory that the evidence fails to establish a necessity for administration, in that it shows that on the date of his death John E. Ragsdale was not possessed of any property. Further, that applicant failed to show that the deceased owed any debts at the time of his death, and that appellee is estopped to seek administration on account of the beforementioned suit, to which he was a party plaintiff as one of the heirs of John E. Ragsdale. She likewise complains that appellee failed to establish the necessary venue facts.

The evidence established that John E. Ragsdale died on the 9th day of November, 1937. In a conveyance from C. D. Acker, as trustee, to appellant, introduced in evidence by her and under which she claims all of the property formerly owned by the deceased Ragsdale, it is recited that John E. Ragsdale died in Cherokee County, Texas, on or about the 8th day of November, 1937. Further, it is shown by the trust agreement, which was executed about two months prior to the death of John E. Ragsdale, that he owned numerous tracts of real estate in Cherokee County and a large amount of personal property, the actual situs of which was in Cherokee County. The only real estate purported to be conveyed by the trust agreement was situated in Cherokee County. Appellant testifies that she had taken possession of two of the rent houses and the home place. No question of venue was raised either in the County or District Court. We deem the evidence ample to sustain the finding of the trial court in this respect. The case was tried throughout on the theory that at the time of his death deceased had his domicile in Cherokee County and died there.

On the 24th day of September, 1937, John E. Ragsdale executed and delivered a trust agreement wherein he conveyed to C. D. Acker, as trustee, for the use and benefit of appellant his interest in eight parcels of real estate in Cherokee County. This instrument also had a blanket clause conveying all lands or interest in lands owned or held by him in said county. The instrument further described and conveyed numerous bonds and stocks of the face value of over $35,000. There was likewise a blanket clause with reference to bonds

and securities. It conveyed all bonds and securities held by the First National Bank in Jacksonville, Texas, for the account of John E. Ragsdale, aggregating $40,500. This aggregate includes the securities and bonds specifically described. The so-called trust agreement gives the trustee broad powers and provides that upon . settlor's death the property was to be conveyed to appellant. It was filed for record on the 12th day of November, 1937.

On the 16th day of December, 1937, W. B. Ragsdale, E. B. Ragsdale, T. W. Ragsdale, Giffin Prather, Coly Morris, Conrad Morris, Daisy Morris, and Mrs. Nora Cureton, joined by her husband, C. M. Cureton, as heirs of John E. Ragsdale, filed suit against appellant to set aside the hereinbefore described trust agreement and the conveyance thereunder by C. D. Acker, as trustee, to appellant and to recover the property therein described. The petition alleges that at the time of the execution of the instrument, and for at least three years prior thereto, that John E. Ragsdale was of unsound mind; that he was more than seventy-two years of age on said date, and was in very poor mental and physical health, suffering from a mental disease know as senile dementia, and unable to understand the nature and effect of his acts. The petition further assailed the instrument on the ground of fraud and undue influence. The petition does not, however, contain an allegation that no administration is pending and that there are no debts, hence no necessity for an administration.

■■■■ If John E. Ragsdale was, prior to his death, vested with the right to maintain this action or a similar one, his heirs and administrator may prosecute same. His heirs may prosecute same alone, provided that there is no administration and no necessity therefor. The petition charges fraud to have been perpetrated upon the deceased and not by the deceased.

■■ Heirs may maintain an action to recover property of an ancestor only upon allegation and proof that there is no administration pending upon the estate and no necessity therefor. Youngs et al. v. Youngs, Tex.Com.App., 26 S.W.2d 191; Bluitt v. Pearson, 117 Tex. 467, 7 S.W.2d 524; Adams v. Bankers' Life Co., Tex. Com.App., 36 S.W.2d 182.

■■ It is basic and fundamental that in a proceeding for the appointment of an administrator neither the Probate Court nor the District Court, exercising appellate jurisdiction, can finally pass upon the validity or invalidity of claims asserted by or against the estate of the deceased.

■■ The claim in favor of the estate is ample property upon which to administer. Rivera v. Atchison T. & S. F. Ry. Co., Tex.Civ.App., 149 S.W. 223; Lancaster & Wallace v. Sexton, Tex.Civ.App., 245 S.W. 958.

■■ If the court petitioned to appoint the administrator to prosecute a claim cannot authoritatively pass upon the validity thereof, what is the test to support its validity for the purpose of supporting an administration? It is suggested the assertion in good faith should in all events be sufficient. This test might be applied as well against the estate. It not appearing otherwise, good faith should be presumed in the assertion of the claim. The claim to set aside the trust instrument is, in our opinion, sufficient property upon which to administer. Appellant's assignments in relation to this point are overruled.

■■ Appellant asserts that by joining as an heir in the suit against her, appellee is estopped to seek appointment as administrator. The suit does recognize the existence of the trust agreement and the conveyance thereunder. It may. be true that before either the heirs or an administrator and the heirs can recover possession of any of this property the trust agreement must be first cancelled. Appellee and his co-plaintiffs do not allege in the petition that there are no debts, hence no necessity for administration. This assignment is overruled.

■■ The necessity for an administration should be determined as of the time of the hearing on the application therefor. The statement of facts herein shows that the funeral expenses of deceased are unpaid, a relative having advanced same, and that taxes are due. If the trust instrument be set aside, there will be inheritance taxes to pay.

■■ Even small claims are sufficient to support an administration. Rye v. Guffey Petroleum Co., 42 Tex.Civ.App. 185, 95 S.W. 622. This assignment is overruled.

■■ The appointment of an administrator was essential to the proper protection of the asserted rights of both appellee and

appellant. Appellant suggests that if this Court deems the appointment of an administrator necessary, that we limit his authority. To limit the authority of an administrator is beyond the jurisdiction of the Court. The law fixes his duty and powers. Article 3314 of the Revised Statutes, as applied to estates of deceased persons, provides:

"Upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to the possession of the estate as it existed at the death of the testator or intestate."

The judgment of the trial court is affirmed.

WALTHALL, J., dissents.

WALTHALL, Justice (dissenting).

This case was appealed from the County Court of Cherokee County, sitting in probate, to the District Court of Cherokee County. The District Court of Cherokee County heard the case as a probate court and while sitting in probate. There is nothing in the record or in the majority opinion to the contrary, and I shall so regard it; that is, that the District Court heard the case and the judgment entered was by the District Judge sitting in probate.

The statement of the nature and result of the suit as in the majority opinion is satisfactory, and I accept it and make no further statement other than as to the matters I wish to stress, and which I think material and should control the disposition of the case in the District Court.

When appellee Prather applied to the County Court to be appointed administrator of the estate of John E. Ragsdale, in due time and before any action was had on the application, appellant made objection to the appointment of an administrator of said estate, and, as ground for her objection, alleged that, prior to the death of John E. Ragsdale, he, Ragsdale, had executed and delivered to a trustee, naming him, a trust deed and agreement, thereby conveying to said trustee, as trustee for her (appellant's) use and benefit, all of his property, real, personal and mixed, sufficiently describing same and its location in Cherokee County; the acceptance of said trust by the trustee; that the trust instrument had been duly recorded in the deed records of Cherokee County, to which reference was made; that by reason of said trust instrument all of the said property of the estate of John E. Ragsdale became and was vested in said trustee during the lifetime of said John E. Ragsdale, and that by the assignment made by said trustee to her, Charlotte Ragsdale, appellant, all of said property became and was vested in her until said trust instrument has been fully and legally set aside by a court of competent jurisdiction.

While appellee had filed another suit, ancillary to this probate proceeding, to set aside the said trust instrument, no action had been had in said suit other than its filing. My idea is that, whether the trust instrument was valid or not, appellant's answer and objection to the appointment of an administrator of the estate of John E. Ragsdale was sufficient to tender an issue that at the time of the death of John E. Ragsdale he did not own and was not in the possession of the property sought to be administered upon in this proceeding, and that he, Ragsdale, was not entitled to its possession.

If appellant's above stated answer and objection to the appointment of an administrator is sufficient, prima facie, to show that an administrator, if appointed, would not be authorized to assume possession of the property of the estate, no administrator ought to be appointed until the trust instrument is set aside. Lauraine v. Ashe, 109 Tex. 69, 191 S.W. 563, 565 (Par. 12), by the Supreme Court; Fulton, Administrator v. Nat. Bank, 26 Tex.Civ.App. 115, 62 S.W. 84.

By the answer and objection of appellant to the appointment of the administrator, the title to real and person property is involved.

In Texas Jurisprudence 13, page 611, par. 28, and the cases referred to in the notes, it is there said, and it seems to be settled, that the probate court has no jurisdiction to determine issues of title to real estate which may arise in the course of an administration.

For reasons stated, I am of the opinion that it was error for the trial district court, sitting in probate, to appoint an administrator and in that court try the issues necessarily involved. I think the court should have gone no further in this proceeding until the district court (not in probate) had determined the issues of title and right of possession of the properties.