VAN GRINDERBECK et al. v. LEWIS et al. (No. 7989.)

(Court of Civil Appeals of Texas. Dallas. June 8, 1918.)

1. COURTS 472(4)—JURISDICTION—DISTRICT —PROBATE—PARTITION OF PROPERTY—TEXAS.

Where a suit for partition of property was begun after the death of one owner and five days before a temporary administrator was appointed for her estate and about 19 days before application for probate of her will, the district court did not acquire equity jurisdiction to the exclusion of the court of probate and could not by appointment of a receiver subsequent to administrator's appointment deprive the administrator of control of the property.

2. EXECUTORS AND ADMINISTRATORS 3(3)— NECESSITY OF ADMINISTRATION—EVIDENCE.

The facts that the expenses of funeral and last illness were due and unpaid and the estate owed a note of $1,000, and owned property yielding a considerable sum as rents, do not support a judgment that no necessity existed for administering the estate.

───────

3. EXECUTORS AND ADMINISTRATORS ⬉➔3(1)—
NECESSITY OF ADMINISTRATION.
It is the exclusive province of the county
court to determine whether the necessity exists
for the administration of an estate.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Suit by Lee Lewis and others against Eddie Van Grinderbeck and others. From an order appointing a receiver, the defendants appeal. Reversed, order set aside, and judgment rendered refusing application therefor.

Muse & Muse and J. S. Fannin, all of Dallas, for appellants. G. L. Perkinson, Adams & Stennis, and George T. Burgess, all of Dallas, for appellees.

TALBOT, J. This is an appeal from an order of the district court appointing a receiver. The suit in which the receiver was appointed is one instituted by the appellees on June 28, 1917, against appellants for the partition of real and personal property alleged to be owned by appellants and appellees in equal rights as the heirs of Clemence Van Grinderbeck, deceased. The petition alleges that the said Clemence Van Grinderbeck died intestate on March 13, 1917; that no administration is pending on her estate, and that no necessity for administration exists; that since the death of the said Clemence Van Grinderbeck the appellant Eddie Van Grinderbeck has been in full possession of all of the property belonging to her estate, asserting title thereto and denying the interest of appellees; that he is collecting the rents and revenues arising from said property and applying the same to his own use and benefit; that the appellant is insolvent and unable to account to appellees for the amount of the rents and revenues which may be determined to belong to or owing to appellees and refuses to pay over to them any part of the same. They prayed for the appointment of a receiver to collect the rents and revenues arising from the property belonging to the estate to be held pending a final decree; for judgment for their interest in the property and for partition; for an accounting between themselves and the appellants as to the amount of rents and revenues collected by appellant since the death of the said Clemence Van Grinderbeck; and for general relief. The appellants filed an answer July 17, 1917, in which they pleaded in abatement of the application for the appointment of a receiver that appellant Eddie Van Grinderbeck, on the ——— day of July, 1917, by order of the county court of Dallas county, Tex., duly made and entered, was appointed temporary administrator of the estate of Clemence Van Grinderbeck, and that he had duly qualified and was acting as such administrator; that a necessity existed for the appointment of such administrator, and that such facts had

been so adjudged by said county court; that by reason of the pendency of said administration the district court was without jurisdiction to now hear and determine the cause, or to appoint a receiver, and that the same should be abated or stand continued to abide the termination of the administration upon said estate. The answer, among other things, also alleged that the petition and application for the appointment of a receiver disclosed that they were without merit, in that there was no allegation showing that no necessity existed for administration of the estate in question, and that, as an adminstration had been granted upon said estate and was then pending, exclusive jurisdiction over said estate was vested in the county court. It was further alleged that on July 17, 1917, there was filed in the county court of Dallas county, Tex., by the appellant, an application to have probated the last will and testament of Clemence Van Grinderbeck, deceased. On the 10th day of August, 1917, the appellees' application for the appointment of a receiver was heard by the court, and after the conclusion of the evidence offered, from which it appeared without dispute that a temporary administration, as alleged by appellant, was pending in the county court, and that an application by appellant had been subsequent to the granting of such administration filed for the probate of a will purporting to be the last will of the said Clemence Van Grinderbeck, and in which appellant and his brother were the chief beneficiaries, an order was made appointing a receiver, and from that order appellants perfected an appeal to this court.

No brief has been filed in this court by appellant, and we are therefore without aid from his counsel in determining the question arising on the appeal. Counsel for appellees in a short brief urge the following proposition in support of the trial court's ruling, namely:

"When a court of equity, in a cause over which it has jurisdiction, takes possession of property, through a receiver, the property is withdrawn from the jurisdiction of all other courts."

This proposition is asserted upon the authority of Lauraine v. Ashe, 191 S. W. 563, and that case is apparently cited as controlling the decision of the question arising on this appeal. The facts, however, in the instant case and those of the case cited are, in material particulars, different, and we are aware of no case directly in point here. Lauraine v. Ashe was a proceeding having for its purpose the issuance of a writ of mandamus directing the district judge for the Eleventh judicial district of Texas to vacate as to the property of Mrs. Margaret Allen a receivership pending in the district court of that district and order the delivery

of such property to the relator therein as administrator of her estate. The receivership sought to be vacated was an incident of a suit filed in the lifetime of Mrs. Allen and against her and A. C. Allen, her son. "In that suit the plaintiff asserted the ownership of a judgment against Mrs. Allen and A. C. Allen in an amount in excess of $7,000, and constituting a lien upon their real estate situated in different counties in the state." It was also pleaded in that suit "that Mrs. Allen and A. C. Allen were variously indebted to other persons in large amounts, such indebtedness being in some instances secured by mortgage liens upon their property and having in others been reduced to judgment with the judgments operating as liens upon their real estate; that the * * * various creditors of the Allens were threatening to proceed against their property for the enforcement of their claims, through foreclosure sales, levying of execution, etc.; which, if permitted, would result in its sacrifice, whereas its actual value was more than double the amount of the entire lawful indebtedness against it." There were further allegations with respect to the necessity for the appointment of a receiver for the preservation of the property pending the establishment of the claims to which it was lawfully subject. "The prayer was for the appointment of a receiver and an order directing the presentment by all creditors of the Allens of their respective claims for adjudication by the court; that the court determine and adjudge the amounts really due upon such claims, and thereafter under its direction so much of the property be sold as should be necessary for their payment. Upon this prayer a receiver was duly appointed. He qualified and took into possession certain real and personal property belonging to Mrs. Allen and A. C. Allen, for the purpose of preserving it." The suit with the receivership in force was still pending at the time of the institution of the proceedings for mandamus. Some years after the institution of the suit against the Allens and the appointment of the receiver therein Mrs. Allen died, and the relator Lauraine, in the proceedings for mandamus, was appointed temporary administrator of her estate by the county court of Harris county, and duly qualified as such. Later he was appointed and qualified as permanent administrator. This appointment was contested, and the contest at the time of the filing and hearing of the petition for mandamus was still pending in the district court on appeal undetermined; the county court having continued the powers of the relator as temporary administrator in the meanwhile.

The writ of mandamus was refused, and the Supreme Court in its opinion written by Chief Justice Phillips points out that the receivership sought to be vacated was per-

fected and the district court's jurisdiction of the property acquired during the lifetime of Mrs. Allen; that claims in suit at the time of the death of a defendant the action does not abate upon his death; that, if administration be had upon his estate, an administrator may be made a party and the suit be prosecuted to judgment, the proper practice in such cases being to certify the judgment to the probate court to be paid in due course of administration; and that such is likewise the rule when a suit involves liens upon property given to secure the indebtedness sued on. The court further say:

"The death of the defendant pending the suit does not abate it and require, in the event of administration, a new proceeding upon the claim in the probate court. The administrator may be made a party and the cause proceed to judgment establishing the debt and the lien as an incident of it, the judgment to be certified to the probate court and there executed through a sale of the property."

These views are clearly authorized and sustained by the statute and decisions cited in the court's opinion, and form in part the basis of the decision rendered. Again, the facts having disclosed that the receiver, and not Mrs. Allen, was in possession of the property which the relator desired to have turned over to him, the court points out, as an additional reason for its ruling, that article 3235 of our statute provides that the administrator of an estate of a decedent shall have the right to the possession of the entire estate "as it existed at the death of the intestate," and holds that this does not authorize an administrator to assume possession of property not in possession of the decedent at the time of his death, and to the possession of which he was not then entitled. This, the court said, "has been distinctly held, with the ruling approved by the Supreme Court, in respect to property pledged by a decedent in his lifetime and lawfully in the hands of the pledgee at the time of the decedent's death," and that "for the same reason an administrator is not entitled to the possession of property lawfully held by the district court through its receiver at the time of the decedent's death, and in respect to which its jurisdiction is not exhausted," citing Fulton, Adm'r, v. Bank, 26 Tex. Civ. App. 115, 62 S. W. 84. The court further aptly and correctly said, as applicable to the facts in Lauraine v. Ashe, that while it is customary to speak of the jurisdiction of the county court over matters relating to estates of deceased persons under administration as "exclusive," yet it was plainly recognized that questions may arise affecting estates in regular course of administration, requiring the adjustment of equities for the settlement of which the probate jurisdiction of the county court is inadequate, and that in such cases, notwithstanding the administration, resort may be had to the equity powers of

the district court for the determination of those questions, the judgment to be performed through the probate court. This, the court say, "is a jurisdiction auxiliary and ancillary to that of the probate court"; that "in some extraordinary instances it may be corrective," but "is to be exercised only in special cases." These remarks of the court were pertinent, as the petition for mandamus, as pointed out in the court's opinion, did not disclose the nature or status of the controversy in respect to any of the claims involved in the district court suit, and hence, so far as the court was advised, issues may have arisen in connection with such claims for the determination of which the powers of the probate court were "inadequate and its methods imperfect, and as to which accordingly the jurisdiction of the district court is clear and undoubted." The court, therefore, having no means for determining whether or not the district court was in that respect exercising a lawful authority, held that it would not be justified in disturbing its jurisdiction by ousting its possession of property which the court must assume was rightfully held by it at the time of Mrs. Allen's death and to which its equity powers may have still extended. The court further announced the general rule embodied in appellees' proposition quoted above, but evidently the court's decision was chiefly, if not altogether, based upon the facts and settled law referred to by it in the foregoing statements and quotations of its opinion.

[1] In the case at bar we are confronted with almost an entirely different state of facts. Here the suit in which the receiver was appointed is one for partition, and not an action for debt, founded upon the claim that the appellant and appellees are the joint owners of the property described in the petition as the heirs at law of Clemence Van Grinderbeck, deceased, and subject to partition and distribution. The suit, being one for partition, was necessarily begun after the death of Mrs. Clemence Van Grinderbeck, and not during her lifetime. It was instituted only five days before the appointment of appellant as temporary administrator of Mrs. Van Grinderbeck's estate, and about 19 days before the filing of an application by appellant to have what he claimed to be the last will of Mrs. Van Grinderbeck probated. There does not appear to have been any objection whatever to the granting of temporary letters of administration upon Mrs. Van Grinderbeck's estate, or to the appointment of appellant as temporary administrator of said estate. Nor does it appear that a contest of the probate of the will offered by appellant for probate has been filed in the county court, or that such a contest was contemplated and likely to be filed. The receiver was appointed by the district court over the objection of appellant after, and not before, his appointment as temporary administrator of the decedent's estate, and notwithstanding it was very conclusively shown, in our opinion, that a necessity existed for the appointment of such administrator. Furthermore, the receiver was appointed some two or three weeks after the filing of the application for the probate of Mrs. Van Grinderbeck's will and notwithstanding the major part, if not all of the property, was by said will bequeathed to her two sons, the appellant and his brother, Victor, and no contest of the will pending. Other points of difference in the two cases are that in the case before us, unlike the case of Lauraine v. Ashe, the property placed in the hands of the receiver was in the possession of the decedent, Mrs. Van Grinderbeck, at the time of her death, and there were and are no issues in the case for determination of which the powers of the county court are inadequate. We have thus disclosed the main points of difference in the case at bar and the case of Lauraine v. Ashe, and it is plain that they are so dissimilar in their facts and present such an entirely different situation that the former is not ruled by the latter. Evidently the action of the district court in appointing a receiver in the case is based solely upon the fact that the suit was filed before appellant was appointed temporary administrator of Mrs. Van Grinderbeck's estate and the filing of appellant's application for the probate of what he claims is her last will and the conclusion that no necessity existed for administration upon said estate. None of the cogent reasons for the holding of the Supreme Court in Lauraine v. Ashe are present here; and to hold that simply because the appellees filed suit for partition in the district court a few days prior to the appointment of appellant as temporary administrator of Mrs. Van Grinderbeck's estate and before the filing for probate what purported to be her last will authorized that court to appoint a receiver and clothe him with authority to take from the administrator the property of the estate being administered, to be by him held subject to its orders, would be to practically set at naught the probate laws of this state and ignore the jurisdiction of the county court in probate matters. If this may be done in the present case, we see no reason why all joint owners of property inherited from a decedent may not, if they so desire, prevent the operation of our probate laws and deprive the county court of the most important part of its jurisdiction, by hurriedly filing suit for partition of the inherited property, in the district court before steps are commenced in the county court to open up administration, or to probate the decedent's will. Such a result is not to be

thought of, and we are aware of no decision and think none can be found going to such lengths. The conclusion of the district judge, as is expressed in the judgment rendered, that no necessity for administration on the estate of Clemence Van Grinderbeck existed, is not supported, we think, by the evidence.

[2, 3] It was undisputed that the funeral expenses of Mrs. Van Grinderbeck and expenses of her last sickness, amounting to about $144.50, were due and unpaid, and that the estate owed a note upon which installments of interest were due for $1,000. It was also shown without dispute that the estate owned several different pieces of improved property, yielding in the aggregate a considerable sum as rents. But it occurs to us that it was the exclusive province of the county court to determine whether or not a necessity existed for administration on the estate of Mrs. Van Grinderbeck, and that court, without its right to do so under the showing made being questioned by appellees, or any one else, so far as is revealed by the record, held that such necessity did exist. It was not necessary for the protection of appellees' property rights that they invoke the jurisdiction and aid of the district court. At the time the receiver was appointed appellant had duly qualified as temporary administrator, by taking the oath prescribed by law and executing an approved bond in the amount required by the court. There is no complaint that the bond was insufficient in amount or otherwise to give appellees ample protection, but if it was insufficient for that purpose the county court was the proper tribunal to apply to for relief.

The pendency therefore of administration rendered the appointment of a receiver wholly unnecessary, it occurs to us, and the application therefor should, we think, have been refused. We are further of the opinion that proceedings in the case having for their purpose a partition and distribution of the estate left by Mrs. Van Grinderbeck should be stayed until it has been finally determined whether or not the will presented by appellant for probate should be probated. If this will is probated, and if it devises the property as claimed by appellant, his interest and his brother's interest in the property involved will be much greater than their interest is alleged to be in the petition filed in this suit. A judgment of partition should not be rendered until the court is fully advised as to the interest of the respective parties claiming the property to be partitioned.

The order of the district court appointing a receiver in the case is reversed and set aside, and judgment is here rendered refusing the application therefor.

9. SUBROGATION ⛄11—COUNTY TREASURER— LOSS THROUGH COUNTY DEPOSITORY.
Where a county treasurer negligently issued checks to fictitious persons upon unauthorized warrants, which checks the county depository bank paid upon forged indorsements, the treasurer could not be subrogated to the county's rights against the bank, since public policy forbids that he profit by his own negligence.

---

⛄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes