## McWHORTER et al. v. GRAY et al.
### (No. 3515.)

Court of Civil Appeals of Texas. Texarkana.
March 8, 1928.

**1. Courts ⬙472(4)—Power of district court to partition property does not interfere with exclusive original jurisdiction of county court over estates.**

Power of district court to partition property does not interfere with exclusive original jurisdiction of the county court to probate wills and determine whether or not administration on estate is necessary.

**2. Wills ⬙778—Beneficiaries may elect to disregard will and take as heirs under general law of inheritance.**

Persons interested in estate have right to have will probated and have property divided thereunder in administration proceeding in the county court or to disregard will and divide the property among themselves according to the law of descent and distribution.

**3. Wills ⬙801—Unprobated will cannot control division of property among devisees who repudiated will and elected to take as heirs.**

Will which has not been probated furnishes no evidence of title, and its provisions cannot control division of property, where devisees have agreed to take under general laws of inheritance.

**4. Wills ⬙801—Devisees who elected to take as heirs held estopped to invoke jurisdiction of county court to probate will, where division in friendly partition suit proved unsatisfactory.**

Devisees under will, who agreed to abrogate will and take under law of descent and distribution, and who consented to institution of friendly partition suit, *held* estopped to invoke jurisdiction of county court to administer estate under will after disagreement arose as to manner of division of land, since their election to take property under law of intestacy precluded inconsistent claim as devisees.

**5. Partition ⬙94(2)—Mere misunderstanding of heirs renouncing will as to manner of division of estate's property held not to warrant disturbing division made in partition suit by institution of probate proceedings.**

Where heirs and devisees agreed to renounce will and take under general laws of inheritance, and to bring friendly partition suit for division of estate's property, mere misunderstanding of some of the heirs as to how the land was to be divided *held* not to warrant disturbing division made in partition suit by institution of proceedings to probate will; proper remedy in case of unjust or illegal division being to contest commissioner's report in district court.

Appeal from District Court, Hunt County; Grover Sellers, Judge.

Suit by Raymond Gray and others against Mrs. Bettie McWhorter and others for an injunction. From a judgment for plaintiffs, defendants appeal. Affirmed.

H. L. Davis and Truett & Neathery, all of McKinney, for appellants.

Neyland & Neyland and Bowman & Bowman, all of Greenville, for appellees.

HODGES, J. This appeal is from a final judgment enjoining the appellants from probating the will of Mrs. Mary H. Gray, who died in Hunt county, Tex., during the year 1926. The will was dated October 8, 1923. At the time it was made Mrs. Gray had four living children, and two grandchildren, who were the children of a deceased son. The material portions of the will are as follows:

"Second: I give and bequeath to each of my children, as follows: Bettie McQuirter, Mattie D. Ralph, W. E. Gray, and R. L. Gray an undivided one-fifth interest in all the property, real and personal and mixed wheresoever situated of which I may die seized and possessed.

"Third: I give and bequeath to my two grandchildren, who are the only children of my son, A. N. Gray, deceased, to wit, Raymond Gray and Marian Gray, jointly, an undivided one-fifth interest in and to all property, real, personal and mixed wheresoever situated of which I may die seized and possessed.

"Fourth: It is my will that my landed estate consisting of 215 acres about 2 miles west from Floyd in Hunt county, Texas, shall be divided among my children and grandchildren, and that the meadow of 35 acres on the south side of the old M. K. & T. Ry. be divided into five equal parts and that each of the children shall have one-fifth and the two grandchildren, Raymond Gray and Marian Gray, have the other one-fifth. It is also my desire that the land on the north side of the railroad be divided by running the division lines north and south so as to give each one a frontage on the public road. It is further my desire that in making the division of the lands on the north side of the railroad that my daughter, Bettie McQuirter, have her part so as to include my residence, barn and premises which I now occupy.

"Fifth: I hereby constitute and appoint my son, W. E. Gray, sole executor of this will, and direct that no security be required of him as such.

"Sixth: It is my desire that said lands shall be divided among my children and grandchildren as above set out, with the distinct understanding that my son, W. E. Gray, in whom I repose implicit confidence, shall have the full power and authority to have said land surveyed and to divide the same according to his idea and sense of justice in the premises; and when same is so surveyed, divided and plotted, and placed of record in the deed records of Hunt County, Texas, his duty in the premises shall be considered entirely performed in reference to said land."

W. E. Gray, who was named as executor, died before the death of his mother. He left some children, who are parties to this proceeding. After the death of Mrs. Gray, R. L. Gray (another son) died, leaving a wife and children. In May, 1927, all the heirs by agreement instituted a friendly partition suit in the district court of the Sixty-Second judicial

district of Hunt county. Raymond Gray, an adult grandchild, was named as defendant. All the other interested parties appeared as plaintiffs. Among them was one minor, Edwin Gray, who was represented by his guardian.

Among other facts, the petition alleged that Mrs. Gray left a written will in which her property was devised to her children and grandchildren in accordance with the law of descent and distribution; that there was no indebtedness against the estate, and no necessity for an administration or for the probate of the will, for the reason that the will disposed of the property in the same manner as the heirs would take under the law of descent and distribution.

On May 17, 1927, the case was called for trial; and, there being no contest among the different claimants, the attorney representing the plaintiffs made a full statement of the material facts necessary to be proved in order to warrant a partition decree. After hearing that statement, the court entered the necessary partition order, and appointed commissioners to make a division of the land. The commissioners later divided the land among the different claimants, and made their report. It appeared, however, that in making the division the commissioners did not follow literally the directions contained in the will. Mrs. McWhorter and Mrs. Ralph and others objected to the report because those directions had not been followed. They contended that Mrs. McWhorter should have been allotted the home place, with the improvements, without considering the value of those improvements in estimating her portion of the property. Because of that disagreement among the heirs, the attorneys who had been representing them withdrew from the case. The appellants in this proceeding, consisting of Mrs. McWhorter, Mrs. Ralph, and some of the grandchildren, then employed as attorneys Mr. H. L. Davis and Messrs. Truett & Neathery. Through those attorneys they filed a motion to set aside the order of partition. On July 21, 1927, they filed an amended motion asking that the order of partition be set aside and the partition suit dismissed. In that motion they alleged the execution of the will by Mrs. Gray, and that an administration was necessary because of the existence of debts against the estate. They further alleged that there was a misunderstanding between them and the attorneys first employed regarding the manner in which the property was to be divided. That motion was made after the report of the commissioners had been filed, but before it was passed on by the court. The court heard and granted the amended motion on the day it was filed. On the following day, however, in the absence of the appellant's attorneys, he reconsidered that order, set it aside, and reinstated the case. It being then near the close of the term

of that court, another order was entered transferring the case to the Eighth judicial district.

On July 23, 1927, the appellants, through their attorneys, Davis and Truett & Neathery, filed an application to probate the will of Mrs. Gray, and caused notice to be given in the manner required by law. On July 30 following, Marian Gray, Marion Gray, Raymond Gray, and Mrs. Anna Davis, the appellees in this proceeding, filed their petition in the district court of the Eighth judicial district for a writ of injunction to restrain the appellants, their attorneys, and the county judge of Hunt county, from proceeding further in the probate proceedings. The application for the injunction alleged, in substance, the execution of the will by Mrs. Gray, but that the heirs had agreed that the will should be abrogated and not probated; that they had also agreed that there was no indebtedness against the estate, and no necessity for an administration, and had further agreed that a partition suit should be brought in the district court of Hunt county to divide the property in accordance with the law of descent and distribution; that such suit was brought, and a judgment therein had been rendered ordering the partition. The petition for the injunction was presented to Hon. Grover Sellers, judge of the Eighth judicial district, on the day it was filed. A temporary order was made granting the injunction prayed for. On the same day the appellees applied for a receiver, who was thereafter appointed and took charge of the property pending the litigation.

On November 23, 1927, the appellants filed their motion to dissolve the writ of injunction and to set aside the decree of partition entered on the 17th day of May, to abate and dismiss the cause, and to discharge the receiver. That motion was heard on November 25, 1927, during a term of the court. The motion was overruled, and the injunction abated as to the county judge of Hunt county, but made permanent as to the other parties. The court also approved the report of the commissioners of partition, and continued the receiver in charge of the property pending further litigation. This appeal seems to be from that portion of the judgment which permanently enjoined the appellants and their attorneys from proceeding with their application to probate the will of Mrs. Gray.

[1] The parties to this suit have apparently treated the issuance of the injunction as a proceeding ancillary to the main controversy. No complaint is here made of the decree awarding the partition and the order approving the report of the commissioners. In the discussion of the issues presented in this appeal, we shall treat the decree of partition made in the district court as final. It is well settled that the power of the district court to partition property does not interfere with the exclusive original jurisdiction of the county

court to probate wills and determine whether or not an administration upon an estate is necessary. Franks v. Chapman, 61 Tex. 576; Van Grinderbeck v. Lewis (Tex. Civ. App.) 204 S. W. 1042; Buchner v. Wait (Tex. Civ. App.) 137 S. W. 383. But in this case the injunction is defended upon the ground that the appellants are estopped to invoke the jurisdiction of the probate court, by reason of the proceedings which they and the other heirs had instituted in the district court of the Sixty-Second judicial district.

[2] After the death of Mrs. Gray, her children and grandchildren, being the only parties interested in her estate, had the right to probate her will and have the property divided in an administration proceeding in the county court, or they could disregard the will and divide the property among themselves according to the law of descent and distribution. Stringfellow v. Early, 15 Tex. Civ. App. 597, 40 S. W. 871; Fore v. McFadden (Tex. Civ. App.) 276 S. W. 327. In other words, they could take the property as devisees under the will, or as heirs under the general law of inheritance. All of them elected to adopt the latter remedy and take the property as heirs. In pursuance of that election, a friendly suit was filed in the district court, and a decree of partition was rendered awarding to the different heirs the interests they claimed, and to which they were entitled under the law of descent and distribution. Commissioners were appointed and directed to make a division of the property into five equal parts according to value. No objection was made to that decree, and none of the parties interested was denied an opportunity to ascertain its terms and legal effect. No dissatisfaction arose until the commissioners began to make an actual division of the land. The objections then made resulted in a contest of the report on the ground that the portion of the land on which the family residence was located had not been allotted to Mrs. McWhorter, one of the appellants. Mrs. McWhorter and other heirs who are the appellants in this proceeding insisted that she was entitled to have that portion of the land set apart to her without taking the value of the improvements into consideration. They based that claim upon the language of the will and what they alleged was the understanding at the time they agreed to the partition suit. They claimed that Mrs. McWhorter was entitled to that preference because of services rendered by her during the last illness of their mother. As has been stated, those objections to the report, as well as the motion made to set aside the decree of partition and dismiss the case, were overruled, and the controversy they presented has been finally disposed of. The evident purpose of the application to probate the will was to have a different division of the property from that made in the partition suit.

[3-5] Having submitted the matter of partition to the district court, all of the heirs were bound by its judgment, subject to such corrections as might be made on appeal. The will, not having been probated, furnished no evidence of title, and its provisions could not control the division of the property in that court. The appellants, with the other heirs, made their election as to how they would take the property when they filed their partition suit in the district court, and they cannot now establish an inconsistent claim as devisees under the will which would lead to different results. Having elected one remedy, they are estopped to now pursue another which is inconsistent with the one first adopted. Ward v. Green, 88 Tex. 177, 30 S. W. 864; Cameron v. Hinton, 92 Tex. 492, 49 S. W. 1047. There is no evidence of fraud in securing the agreement to proceed in the district court, or in the division of the land. A mere misunderstanding of some of the heirs as to how the land should be divided is no reason for allowing them to later institute a proceeding which would disturb the division of the property made in the partition suit. Certainly they would have no cause for complaint if the partition were fairly made in the district court in accordance with the appropriate provisions of law. If the commissioners had not made a just and legal division, the dissatisfied parties had the right to contest the report in the district court.

The judgment will be affirmed.