instruments worked ratification because they were executed in formal recognition of the validity of the conveyances to which they referred. See also Humble Oil & Refining Co. v. Clark, 126 Tex. 262, 268, 87 S.W.2d 471; Turner v. Hunt, 131 Tex. 492, 494, 495, 16 S.W.2d 668, 117 A.L.R. 1066; Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 344, 345, 114 S.W.2d 226, 136 S.W.2d 207; Boyd Lumber Co. v. Mills, 146 Ga. 794, 92 S.E. 534, L.R.A.1918A, 1154; 16 Am.Jur. pp. 584, 585, Sec. 261.

In the instant case, the oil and gas lease executed by Blanchard and wife contains, in terms of an agreement, a formal recognition of the validity of the two mineral deeds and of the ownership under the deeds of an undivided one-half interest in the minerals, and, under the authorities cited, it was a full and effective ratification of those deeds.

The United States Circuit Court of Appeals for the Fifth District, in an opinion by Judge Joseph C. Hutcheson, Jr., held sufficient as a complete ratification and validation of mineral deeds, originally inoperative for want of description, an oil and gas lease in terms very similar to those of the lease in this case. Glasscock v. Farmers Royalty Holding Co., 5 Cir., 152 F.2d 537. Notwithstanding the insistance of respondents herein that the part of the opinion so holding is dictum, it is a correct construction and application of the decisions of this Court which have been discussed above.

█ No attack is made by respondents in their briefs upon the validity of the oil and gas lease executed by Blanchard and wife. As to the lease they assert not that it is invalid but that it is insufficient to operate as a ratification of the mineral deeds. Mrs. Blanchard testified that the paragraph of the lease referring to the mineral deeds was in fine print, that no one told her about it and that in taking her acknowledgement the notary public did not explain that paragraph to her. The notary's certificate of her acknowledgment is regular in form. Blanchard testified that the paragraph of the lease was not called to his attention. There is no testimony that the fine print of the paragraph was illegible or that it was in smaller type than other printed parts of the lease, and no testimony of any fraud, concealment or imposition on the part of the notary or of any party to the lease in connection with the execution and acknowledgement of it. The testimony therefore neither affects the recitals in the lease nor impeaches those of the notary's certificate. Davis v. Kennedy, 58 Tex. 516; Miller v. Yturria, 69 Tex. 549, 7 S.W. 206; Ward v. Weaver, Tex.Com.App., 34 S.W.2d 1093; Texas Osage Co-Op Royalty Pool v. Kemper, Tex. Civ.App., 170 S.W.2d 849, application for writ refused.

The judgments of the district court and the Court of Civil Appeals are reversed, and judgment is here rendered that respondents have and recover of and from petitioners the title and possession of the 91.4 acre tract of land described in the pleadings, except an undivided one-half interest in the oil and gas and other minerals in and under said land, and that as to that undivided one-half interest respondents take nothing and that they take nothing by their suit for damages.

**ELLIOTT et al. v. ELLIOTT et al.**

**No. 14957.**

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 3, 1948.

Eades & Eades and Eric Eades, Jr., all of Dallas, for appellants.

Samuels, Brown, Herman & Scott, of Fort Worth, and Seaberry & Hagman and Ben J. Hagman, all of Weatherford, for appellees.

McDONALD, Chief Justice.

The four principal parties to this litigation are C. E. Elliott, Vera Spencer, J. K. Elliott and Euretta Small. They are brothers and sisters, and are the children of C. E. Elliott and Mrs. M. E. Elliott. The two children first named were plaintiffs in both of the suits herein referred to, and the two children last named were defendants in both suits. We shall refer to them henceforth as plaintiffs and defendants, respectively.

The father, C. E. Elliott, died many years ago. The mother, Mrs. M. E. Elliott, died in 1945. In 1946 the plaintiffs filed a suit in the district court in Tarrant County, seeking to partition certain described real estate which had belonged to the parents, and also seeking to set aside certain deeds which Mrs. M. E. Elliott had executed during her lifetime which purported to convey the lands in question or interests therein to the defendants. In a jury trial judgment was entered cancelling said deeds, and decreeing a sale of the land in question and a division of the proceeds among the plaintiffs and defendants. Defendants appealed to this court. We affirmed the judgment of the trial court for the reasons set out in our opinion reported in Elliott v. Elliott, Tex.Civ.App., 208 S.W.2d 709. Application for writ of error is now pending in the Supreme Court.

As is said in our opinion and in the cases therein cited, the district court has jurisdiction to partition land which the parties have acquired by inheritance and to adjust the equities of owners in common, but this jurisdiction cannot be exercised in such way as to defeat the jurisdiction of the county court to probate wills and grant letters testamentary to executors and to administer estates in accordance·

461

with the terms of a legal and valid will. See especially Buchner **v.** Wait, Tex.Civ. App., 137 S.W. 383, writ refused. Jurisdiction to entertain a suit by the heirs to recover property belonging to an estate or to cancel a deed executed by the ancestor, within the four year administration period, may properly be exercised by the district court only on pleading and proof that there is no will, no administration, and no necessity for administration. Zamora v. Gonzales, Tex.Civ.App., 128 S.W.2d 166; Williams v. Williams, Tex.Civ.App., 108 S.W. 2d 297; O'Neil v. Norton, Tex.Com.App., 29 S.W.2d 1060.

We held on the former appeal that the pleadings and proof in the partition suit were sufficient to meet the rules just cited. Plaintiffs alleged in that suit that Mrs. Elliott had executed several wills, but that she was mentally incompetent at the times she executed them. At least two documents testamentary in form were introduced in evidence, together with testimony that they had been executed by Mrs. Elliott. Neither party to the suit, however, made any move to abate the partition suit so that any purported will of Mrs. Elliott's could be filed for probate, nor did any party by pleading or proof give any indication that he would then or later make any claim of title under a will, until the defendants for the first time in their motion for new trial challenged the jurisdiction of the district court on the ground that Mrs. Elliott had left a will.

Shortly after our decision on the former appeal was announced, the defendants filed an alleged will for probate in the county court in Tarrant County. Then the persons who had been the plaintiffs in the partition suit filed the present suit endeavoring to have the defendants enjoined from proceeding with the effort to probate the will. The court in a non-jury trial rendered judgment enjoining defendants from seeking to probate any instrument as Mrs. Elliott's will, including the one which had been filed in the county court. The defendants have appealed from this judgment.

■■ The issue of whether Mrs. Elliott left a valid will was not one for the district court to adjudicate in the partition suit, even though a due regard for the jurisdiction of the probate court required that the district court should not proceed with the partition suit in the absence of pleading and proof that there was no will. We have no room here for the application of the doctrine of res judicata, because there was no judicial determination of the validity of any purported will, but at most only a determination by the district court that the pleadings and proof then before it revealed no obstacle to a trial of the partition suit in the district court. The jurisdiction of the probate court to decide whether Mrs. Elliott left a valid will did not depend on priority in point of time of filing the respective proceedings.

If defendants can be enjoined from seeking to probate some instrument as Mrs. Elliott's will, it can be only on the theory that they have lost their right to do so by operation of some equitable rule of estoppel, waiver, or election of remedies.

Plaintiffs argue for the application of such equitable rules on the ground that defendants did not, by pleading or otherwise, seek to halt the trial of the partition suit on the ground that they intended to claim title under a will and should be given the opportunity to have it probated, but that they proceeded with the trial of the partition suit where plaintiffs had alleged that Mrs. Elliott died intestate and that the parties owned their respective interests under the laws of descent and distribution. Plaintiffs argue that defendants had the privilege of invoking the superior jurisdiction of the probate court and that they also had the privilege of not doing so.

■ We shall not here undertake to determine whether defendants may in some later suit be cut off from claiming title under the will, if one should be probated, as against the judgment rendered in the partition suit. We do hold, however, that the record does not warrant a judgment enjoining defendants from seeking to probate the will. For one thing, there may be property which would pass under the will other than that which was involved in the partition suit. In fact, we are perhaps justified in saying that the record before us affirmatively shows that there is other

property. Undoubtedly defendants have the right to have the will offered for probate if there is property other than that involved in the partition suit. But even if there is no other property, we do not believe that the record before us warrants the injunction. Defendants could not have claimed title in the partition suit under the unprobated will, and all parties must have known that titles awarded by the judgment in the partition suit might be affected by a will probated at a later time. The burden rested on the plaintiffs in seeking a partition in the district court to plead and prove that there was no will, and it may be said that the district court judgment was rendered on the assurances of the plaintiffs that there was no will. Under such circumstances, we question the right of plaintiffs to call on a court of equity to enjoin the defendants from offering a will for probate on the ground that all issues were settled in the partition suit, after the district court had exercised jurisdiction in the partition suit only on assurances from the plaintiffs that there was no valid will.

Plaintiffs rely on the decision in Mc-Whorter v. Gray, Tex.Civ.App., 4 S.W.2d 302. There the heirs joined in asking the district court to partition the property, representing to the district court that the ancestor had left a will, but that the will provided for distribution of the estate in the same manner as it would be distributed under the laws of descent and distribution, that there was no necessity for an administration of the estate under auspices of the probate court, and that none of the heirs intended to offer the will for probate but had all agreed that such would not be done. Under these representations, the district court proceeded to judgment partitioning the property. Being dissatisfied with the manner in which the property was being divided, some of the heirs then offered the will for probate, ostensibly to defeat the jurisdiction of the district court in the partition suit. The court held that

the dissatisfied heirs had made their election as to how they would take the property, whether under the will or by descent and distribution, and that they were estopped from invoking the jurisdiction of the probate court in order to pursue a remedy inconsistent with the one first adopted. Plaintiffs argue here that the defendants elected to claim the property under the deeds which were under attack in the partition suit, and that an effort now to claim under a will would be inconsistent. We do not see that the two claims are necessarily inconsistent. The claim under the deeds implies a claim that the property described in the deeds is not an asset of the estate, and, if the deeds be valid, it is immaterial in so far as that property is concerned whether Mrs. Elliott left a will or not. If the deeds be invalid, then the property belongs to the estate (to the extent of Mrs. Elliott's interest in the property), and it is material whether she left a will or died intestate. Defeat on the issue of the validity of the deeds could not alone serve to cut defendants off from claiming under a valid will. Whether their rights under the will have been cut off by the partition judgment is a matter that will have to be decided, if ever, in some other action. While the court held in McWhorter v. Gray, supra, that the heirs who were undertaking to probate the will were estopped to do so, where they had themselves invoked the jurisdiction of the district court upon assurances that they would not undertake to probate the will, we do not believe that the mere failure of the defendants in the case now before us to call on the court to abate the suit brings the case within the rules declared in Mc-Whorter v. Gray.

The judgment of the trial court is reversed and judgment is here rendered for the defendants that the injunction be dissolved and that plaintiff's prayer for injunction be denied.

Reversed and rendered.